UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GTN CAPITAL GROUP, LLC,**

   Plaintiff,

v.                                                               **No. 4:21-cv-1091-P**

**TECHMATION CORPORATION AND
TIMOTHY C. SMITH,**

   Defendants.

### MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff GTN Capital Group, LLC's ("Plaintiff" or "GTN") Motion for Default Judgment. ECF No. 19. Plaintiff filed its Complaint on September 27, 2021, and asserted claims for breach of contract and for violation of Section 32 of the Lanham Act. Pl.s' Compl., ECF No. 1. On the same day, Plaintiff filed its Motion for Injunctive Relief that sought to restrain TechMation Corporation and Timothy C. Smith (together, "Defendants") from the following actions: utilizing certain trademarks, holding themselves out as franchisees, and competing with Plaintiff. Mot. for Inj., ECF No. 2. On October 21, 2021, the Clerk of Court entered a default due to Defendants' failure to file a response to the Complaint or otherwise appear. Entry of Def., ECF No. 14. Because Defendants have not appeared appear and Plaintiff met the requirements for default judgment, the Court concludes it will **GRANT** Plaintiff's Motion for Default Judgment.

### LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. *See* FED. R. CIV. P. 55. There are three stages to the entry of a default judgment. *First*, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a). *Second*, an entry of default may be entered "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141 (citing FED. R. CIV. P. 55(a)). *Third*, a plaintiff may then apply to the clerk or the Court for a default judgment. *Id.* A default judgment, however, may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

In determining whether the entry of a default judgment is appropriate, courts have developed a three-part analysis. *Ramsey v. Delray Cap. LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016). *First*, courts look to whether a default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The *Lindsey* factors are relevant to this inquiry. Accordingly, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

*Second,* courts analyze the substantive merits of the plaintiff's claims and determine if there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (stating that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). The Court is to assume that defendants, because of their default, admits to all well-pleaded facts, but not to facts that are not well-pleaded or conclusions of law. *Id.*

*Third*, courts determine what form of relief, if any, the plaintiff should receive. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."). When the "amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Ramsey*, 2016 WL 1701966, at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## ANALYSIS
### A. Default judgment is procedurally warranted.

*First,* applying the *Lindsey* factors here, the Court concludes that the entry of default judgment is procedurally proper. There are no material facts in dispute because Defendants have not filed any responsive pleadings to date. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). *Second*, Defendants' failure to respond effectively prejudices Plaintiff, as the legal process is at a standstill. *Third*, nothing before the Court suggests that Defendants' failure to respond resulted from a good-faith mistake or excusable neglect. *Fourth*, Plaintiff seeks only the relief to which it is entitled under the law, and the Court is aware of no applicable defenses. *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121, 2011 WL 1532200, at *1 (S.D. Miss., Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has a meritorious defense to the complaint). *Finally*, the Court is unaware of any facts in the record that provide a basis to set aside a default if

challenged by Defendants. These factors support entering a default judgment in favor of Plaintiff.

### B. Plaintiff adequately alleged a claim for injunctive relief.

In both its Complaint and Motion, Plaintiff requests a permanent injunction enjoining Defendants from: (1) infringing on Plaintiff's copyrights, (2) utilizing the NerdsToGo System and Marks without authorization, and (3) committing ongoing breaches of the Parties' Franchise Agreement. The Court analyzes each to ensure they are adequately plead, then addresses the relief sought in Plaintiff's Motion.

*First*, Plaintiff alleges that: (1) it has valid marks that are entitled to protection under the Lanham Act; (2) Defendants used, and continue to use, those marks in operating their business; (3) Defendants' ongoing alleged infringement in use of their business constitutes use of the marks in commerce and in connection with the sale or advertising of goods or services; and (4) Defendants' use of the marks is without Plaintiff's consent. *See* Pl.'s Compl. at 9–10. Plaintiff has thus adequately alleged a violation of Section 32 of the Lanham Act, 15 U.S.C § 1114.

*Second*, Plaintiff alleges that: (1) Defendants' "continued use of the NerdsToGo System and NerdsToGo Marks without GTN's authorizations" is likely to "cause confusion, cause mistake, or deceive the affiliation, connection[,] or association of Defendants' unauthorized NerdsToGo business with a legitimate NerdsToGo franchise." *Id.* at 10–11. Thus, Plaintiff has adequately alleged a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

*Third*, the Court turns to Plaintiff's breach-of-contract claim. The Parties' Franchise Agreement states that breaches of the Agreement shall be governed by Connecticut law. *See* Pl.'s App'x at 46 Pl.'s App'x at 33, ECF No. 17-1. Under Connecticut law, a plaintiff must establish the following elements for a breach of contract claim: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages. *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291 (2014). Plaintiff alleged

4

that the Parties entered the Franchise Agreement, effective August 25, 2017, and that Plaintiff substantially performed its obligations under that agreement. *See* Pl.'s Compl. at 8. Plaintiff then alleged that Defendants materially breached the Franchise Agreement by "failing to de-identify the former franchise location so that it no longer contains the marks, signage, or any trade dress of a NerdsToGo business to GTN's reasonable satisfaction, as required by Section 14.3 of the Franchise Agreement" and "by continuing to by continuing to operate a NerdsToGo business at 3115 S. Cooper St., Suite 300, Arlington, TX 76015." *Id.* at 9. Finally, Plaintiff alleged that it suffered damages from Defendants' breach of the Franchise Agreement and that injunctive relief is required to address these continuing harms. *Id.* Accordingly, Plaintiff adequately alleged a breach of contract claim under governing law. *See, e.g.*, *Meyers*, 311 Conn. at 291.

*Finally*, the Court must accordingly determine whether a permanent injunction is an appropriate remedy in this case. Under 15 U.S.C. § 1116(a), this Court has the power to grant a permanent injunction for a violation of the Lanham Act. A permanent injunction is appropriate when a plaintiff establishes: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury to the plaintiff outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest. *See Playboy Enters., Inc. v. Webbworld, Inc.,* 991 F. Supp. 543, 561 (N.D. Tex. 1997), *aff'd,* 168 F.3d 486 (5th Cir. 1999) (citations omitted).

Here, the Court concludes that a permanent injunction is warranted. *First*, Defendants' default constitutes actual success on the merits. Courts have acknowledged that default against a defendant is tantamount to actual success on the merits. *See, e.g., Chevron Intell. Prop., L.L.C. v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009) (citing *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F.Supp.2d 782, 785 (E.D. Tex. 2006)). *Second*, Plaintiff alleged that it has no other adequate remedy at law because monetary damages will not prevent future infringing activity by Defendants. *See e.g., id.* (citing *W.B. Music Corp. v. Big Daddy's Entm't, Inc.,* No. EP-05-

5

CA-267-PRM, 2005 WL 2662553, at *3 (W.D. Tex. Oct.18, 2005)). *Third*, Plaintiff's Complaint alleges that enjoining future infringement will cause Defendants minimal damage, and the Court finds that the threatened injury to Plaintiff's business interest outweighs the potential damage to Defendants if the injunction is not granted. *Finally*, the Complaint alleges that granting an injunction would serve the public interest by promoting compliance with intellectual property law. *See id.* (citing *Arista Records, Inc. v. Kabani,* No. 3:03-CV-1191-H, 2004 WL 884445, at *4 (N.D. Tex. Apr. 23, 2004)). Accordingly, a permanent injunction is an appropriate remedy in this case and should be **GRANTED**.

### C. Attorneys' Fees

Finally, the Court turns to Plaintiff's request for attorneys' fees. Plaintiff argues that it was forced to retain counsel to bring this lawsuit and assert its rights in connection with the same. *See e.g.*, 15 U.S.C § 1117; Pl.'s Compl. at 11. The Fifth Circuit requires that the claimants establish a reasonable hourly rate and the total numbers of hours expended on this litigation. *See, e.g.*, *Tollett v. City of Kemah,* 285 F.3d 357, 367–69 (5th Cir. 2002). For example, a declaration or affidavit from a responsible attorney may set out these details sufficiently. *See id.*

Plaintiff argues the Franchise Agreement that governed the Parties' previous course of business states that:

> In any legal proceeding (including arbitration) related to this Agreement or any guaranty, the non-prevailing party shall pay the prevailing party's attorney fees, costs and other expenses of the legal proceeding. "Prevailing party" means the party, if any, which prevailed upon the central litigated issues and obtained substantial relief.

Pl.'s App'x at 33. Plaintiff alleges that it is entitled to recover its attorneys' fees and costs of court under this provision.. Plaintiff attached the Declaration of Christopher S. Dodrill to support its request for attorneys' fees and costs of court. *See id.* at 74–75. The Court concludes that Mr. Dodrill's Declaration sufficiently establishes the number of hours worked by each member of Plaintiff's legal team on this case, the

6

hourly rates for each member, and the reasonableness of those rates. *See id.* The total amount of attorneys' fees Plaintiff requested is $24,168 and the total costs requested are $402, for a combined total of $24,570. *See id.* The Court concludes that Plaintiff's request for fees and costs in the amount of $24,570 should be **GRANTED**.

## ORDER

For the above-stated reasons, the Court concludes that Plaintiff's Motion for Default Judgment is **GRANTED**. ECF No. 17. The Court further **ORDERS** that Plaintiff GTN Capital Group, LLC, is entitled to recover its attorneys' fees in the amount of $24,570 and associated costs of court in the amount of $402 from Defendants. A Final Default Judgment will be issued separately in accordance with Federal Rules of Civil Procedure 55 and 58.

**SO ORDERED** on this **22nd day** of **November, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE